CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 3 2012

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SPOOLTECH, LLC,

Plaintiff

v.

UPS GROUND FREIGHT, INC.,

FREIGHTQUOTE.COM,

and

VORTECH AUTOMATED TECHNOLOGIES, LLC,
DBA VORTECH ROUTERS,

Defendants.

Civil Action No. 7:12-cv-00104

**MEMORANDUM OPINION**

By: Hon. Glen E. Conrad
Chief U.S. District Judge

This case involves claims by a Virginia company against three other companies stemming from the failed delivery of a router. For the reasons set forth below, the court will grant the seller's motion to quash service of process.

## I. Background

Spooltech, LLC (Spooltech or plaintiff), is a Virginia Limited Liability Company. (Docket No. 1-2 at ¶ 1.) The defendants in this case are UPS Ground Freight, Inc. (UPS), Freightquote.com (Freightquote), and Vortech Automated Technologies, LLC d/b/a Vortech Routers (Vortech). UPS is a Virginia Limited Liability Corporation. (Id. at ¶ 2.) Freightquote is a Delaware Corporation. (Id. at ¶ 3.) Vortech is a New Hampshire Limited Liability Company. (Id. at ¶ 4.)

Sometime in the first half of 2010, according to the complaint, Spooltech arranged for the purchase of a router from Vortech, which was to be shipped to Virginia by Freightquote and

UPS. (Id. at ¶ 5.) Prior to shipment, Spooltech paid $18,750.00 to Vortech (the cost of the router) and $832.49 to Freightquote for shipping. (Id. at ¶ 6.) The router arrived in Virginia on May 7, 2010; however, upon inspection of the router, Spooltech determined that the router was destroyed. (Id. at ¶ 7.) Accordingly, Spooltech refused to accept the shipment and had the router placed back on the tractor trailer to be returned to Vortech. (Id. at ¶ 8.)

Spooltech initiated this civil action on December 21, 2011, in the Circuit Court for the City of Salem, Virginia. Spooltech advances two causes of action in the complaint. First, Spooltech brings a state law breach of contract claim against Vortech, asserting that Vortech breached its contract with Spooltech by failing to provide Spooltech with a router as contemplated by the agreement. (Id. at ¶ 11.) Second, Spooltech brings another state law breach of contract claim against UPS and Freightquote, averring that these two defendants failed to provide safe transport of the router, causing destruction of the equipment and damage to Spooltech. (Id. at ¶ 15.) Spooltech seeks damages in the amount of $74,000.00.

On February 10, 2012, Vortech filed in state court a motion to quash service of process, asserting that Spooltech's private process server failed to leave the summons with Vortech's registered agent, but instead, left the summons with the receptionist of a title company in the professional office building where the offices of Vortech's registered agent are located. (Docket No. 1-4.)

On March 2, 2012, UPS removed the action to this court, asserting that Spooltech's complaint alleges a cause of action against both UPS and Freightquote that is governed exclusively by federal law—namely, the Carmack Amendment to the Interstate Commerce Act (Carmack Amendment), 49 U.S.C. § 14706. Although Spooltech alleged a different cause of action against Vortech (a simple state law breach of contract claim), UPS asserted that removal

was proper pursuant to 28 U.S.C. § 1441(c)(1), which provides that a civil action may be removed to federal court if the action includes a claim arising under federal law and another claim not within the original or supplemental jurisdiction of a federal court, if the action would be removable without the inclusion of the latter claim. 28 U.S.C. § 1441(c)(1).

Thereafter, on July 3, 2012, Vortech filed a brief in support of its motion to quash service of process. (Docket No. 14.) On that same day, the court conducted a telephone conference with the parties and issued an order directing Spooltech to respond to Vortech's motion to quash and according Vortech additional time in which to reply. (Docket No. 16.) Subsequently, Spooltech filed its brief in opposition to the motion. (Docket No. 18.) Vortech then filed its reply brief. (Docket No. 20.) According to the parties' briefs, Jordan Ulery, a process server, left a copy of the summons and complaint on January 23, 2012 with Suzanne Deveux (Deveux), a receptionist at the New Hampshire professional office building in which the offices of John Leonard Sweeney, III (Sweeney), Vortech's registered agent, are located. (Docket No. 18-1.) Vortech asserts that Deveux was not authorized to accept service of process on behalf of Vortech and further asserts that Sweeney did not, and still has not, received process in this case. Thus, Vortech contends, Spooltech's attempted service of process was insufficient as a matter of law. Spooltech does not necessarily contest Vortech's assertions, but instead, argues that Vortech ultimately received process, as evidenced by the fact that Vortech ultimately secured local counsel and filed the instant motion to quash. Accordingly, Spooltech argues, the fact that its attempted service of process might not have technically complied with the requirements of the law is cured by Vortech's timely receipt of process.

The matter having been fully briefed and the parties having requested that the court rule on the motion based on the briefs, the matter is now ripe for disposition.

## II. Discussion

Vortech's motion to quash filed in state court is construed as a motion to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. "In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made." United States v. Sea Bay Dev. Corp., Civil Action No. 2:06cv624, 2007 WL 1378544, at *2 (E.D. Va. May 8, 2007).

As stated above, Vortech is a New Hampshire limited liability company. Rule 4(h) of the Federal Rules of Civil Procedure provides that a domestic or foreign corporation, partnership, or other unincorporated association must be served in a judicial district of the United States either "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). It is undisputed that Spooltech's delivery of process to Deveux (a receptionist at a professional office building not authorized to accept service of process on behalf of Vortech) failed to comply with part (B) of Rule 4(h)(1).

Part (A) of Rule 4(h)(1) cross-references Rule 4(e)(1), which provides that an individual may be served with process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). It is undisputed that Spooltech's delivery of process to Deveux failed to comply with the Virginia Code sections governing service of process on foreign

corporations.[1] However, Spooltech argues that service on Deveux was nonetheless proper pursuant to Va. Code § 8.01-288, which provides that "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." Va. Code Ann. § 8.01-288 (West 2012). In support of this argument, Spooltech asserts that process obviously reached Vortech because Vortech engaged local counsel and filed the instant motion to quash within seventeen days of the "allegedly 'defective' service." (Docket No. 18 at 2.)

After considering the facts of this case, the court believes that service of process on Vortech was insufficient under the applicable law. As stated above, it is undisputed that Spooltech failed to comply with the plain requirements of federal and state law for proper service

---

[1] Virginia Code § 8.01-301 provides:

> Subject to § 8.01-286.1, service of process on a foreign corporation may be effected in the following manner:
>
> 1. By personal service on any officer, director or on the registered agent of a foreign corporation which is authorized to do business in the Commonwealth, and by personal service on any agent of a foreign corporation transacting business in the Commonwealth without such authorization, wherever any such officer, director, or agents be found within the Commonwealth;
>
> 2. By substituted service on a foreign corporation in accordance with §§ 13.1-766 and 13.1-928, if such corporation is authorized to transact business or affairs within the Commonwealth;
>
> 3. By substituted service on a foreign corporation in accordance with § 8.01-329 where jurisdiction is authorized under § 8.01-328.1, regardless of whether such foreign corporation is authorized to transact business within the Commonwealth; or
>
> 4. By order of publication in accordance with §§ 8.01-316 and 8.01-317 where jurisdiction in rem or quasi in rem is authorized, regardless of whether the foreign corporation so served is authorized to transact business within the Commonwealth.

Va. Code Ann. § 8.01-301 (West 2012).

The plaintiff asserts in the complaint that Vortech is not authorized to conduct business in Virginia. (Docket No. 1-2 at ¶ 4.) Furthermore, it is undisputed that service was not attempted in Virginia. As such, parts 1 and 2 of Va. Code § 8.01-301 are inapplicable to determining whether process was properly served on Vortech. Furthermore, because the plaintiff does not claim that service was attempted by publication, part 4 is likewise inapplicable. Therefore, pursuant to part 3, the proper means to effect service on Vortech would have been to serve the Secretary of the Commonwealth pursuant to Va. Code § 8.01-329. Again, it is undisputed that this did not occur in the instant case.

of process on Vortech. Although Spooltech seeks to rely on Va. Code § 8.01-288 to cure its insufficient service, the rules governing service of process "are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); see also, e.g., United States v. Mollenhauer Labs., Inc., 267 F.2d 260, 262 (7th Cir. 1959) ("The liberal construction rule which the government seeks to invoke cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had."); Williams v. GEICO Corp., 792 F. Supp. 2d 58, 66 (D.D.C. 2011) (concluding that service of process on a company's executive secretary was insufficient to satisfy the requirements of due process and Federal Rule of Civil Procedure 4(h), because the secretary was not authorized to receive process on behalf of the company); Robinson v. Turner, 886 F. Supp. 1451, 1458 (S.D. Ind. 1995) (determining that an Indiana curing statute did not operate to remedy a plaintiff's ineffective service of process even when it was clear, based on interrogatory responses, that the defendants eventually received notice of the lawsuit); 62B Am. Jur. 2d Process § 139 (2008) ("Generally, courts hold that . . . the statutes and rules relating to service of process must be strictly construed. . . . [T]he mere fact that a defendant received actual notice is not sufficient if there has not been compliance with the plain requirements of the rule."). The court also notes that, as evidenced by the title caption on the face of the complaint, Spooltech knew that Sweeney was Vortech's authorized agent whom it was required to serve with process. (Docket No. 1-2 at 2.) Furthermore, in granting Votech's motion to quash, the court notes that any prejudice to Spooltech is minimal, considering that the statute of limitations under Virginia law is three years for actions based on an oral contract and five years for actions based on a written contract. Va. Code Ann. § 8.01-246.

## III. Conclusion

For the reasons presented above, the court will grant Vortech's motion to quash service of process.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

**ENTER**: This 23rd day of July, 2012.

Chief United States District Judge